## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

---------------------------------------------------------

DANIEL GALINDO VILLAS BOAS,

                 Plaintiff,         Civil Action No.:

v

DELTA AIR LINES, INC.,

                 Defendant.

---------------------------------------------------------

## COMPLAINT
## Jury Trial Demanded

## NATURE OF ACTION

1.      Plaintiff, Daniel Galindo Villas Boas, an employee of Delta Air Lines brings this lawsuit against his employer, Delta Air Lines (Delta), to remedy discrimination based upon his HIV status on the part of Delta. Delta subjected Plaintiff to disability discrimination and a hostile and discriminatory work environment in violation of federal law.

## PARTIES

2.      Plaintiff, Daniel Galindo Villas Boas, is an adult individual, residing at 2607 NE 8th Avenue, Apt. 53, Wilton Manors, FL 33334. At all times material hereto, Plaintiff was employed by Defendant, Delta Air Lines, as a Flight Attendant.  In his capacity of an employee of Delta, Plaintiff is a Flight Attendant

based in Detroit and has worked as a Flight Attendant for Delta for almost five years.  Plaintiff is HIV positive.

3.      Delta Air Lines, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with headquarters in Atlanta, Georgia. Delta employs more than 80,000 employees worldwide and, as of October, 2016, flew to 54 countries on 6 continents.  In 2013, Delta was the world's largest airline in terms of passengers carried, at 120.6 million passengers.  Delta has numerous key hubs and markets including but not limited to Detroit, at Detroit Metropolitan Airport.

## JURISDICTION AND VENUE

4. The above paragraphs are incorporated herein by reference.

5. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331 and 1332; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6. Venue is proper in the Eastern District of Michigan, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at Detroit Metropolitan Airport, Wayne County, MI.

## STATEMENT OF FACTS

7.      The above paragraphs are incorporated herein by reference.

8.      Delta, in a series of illegal, intimidating and discriminatory acts, created a discriminatory and hostile work environment for Plaintiff.

9.      Plaintiff has been employed by Delta since April 8, 2013. In or around October 2015, Plaintiff was diagnosed with HIV. Due to his diagnosis, Plaintiff was granted approved unpaid work absences under the Family and Medical Leave Act (FMLA) in or around October 2015.

10.     On or around August 12, 2017, during an emotional phone call with his manager, Plaintiff made his manager aware of his HIV status.

11.     Delta was already aware of Plaintiff's HIV diagnosis from medical paperwork provided to Delta in connection with Plaintiff's request for FMLA leave.

12.     On or about August 12, 2017 and October 13, 2017, Plaintiff used FMLA approved sick time due to complications from his HIV.

13.     Even though these absences were reported in a timely manner, Delta improperly coded the FMLA calls as failure to cover absences (unapproved absences); which was used for disciplinary action. Though this was improper on Delta's part, Plaintiff continued to be harassed for same over text message by his manager at Delta as if they were still failure to cover absences.

14.    Plaintiff's manager would constantly question Plaintiff about his FMLA absences by text message even if Plaintiff was out of work on an off-day. This was extremely distressing to Plaintiff.

15.    Due to this, Plaintiff would sometimes use regular sick days instead of FMLA days, because he felt that he would be harassed every time he would use his FMLA.

16.    In fact, on or about August 26, 2017, Plaintiff was suffering from complications due to his HIV and legitimately used a regular sick day that was provided to him by Delta. Plaintiff wanted to avoid using his FMLA in fear of Delta's retaliation and harassment that he had suffered previously when using FMLA.

17.    In or around September 2017, Delta offered managed time off to employees who may be affected by hurricane Irma. Due to the Plaintiff living in Florida, he used one day of managed time off during the hurricane.

18.    On October 30, 2017, Plaintiff was placed on a 24-month probation by Delta. Delta used the two approved FMLA calls from August 12, 2017 and October 13, 2017 as reason for the probation, even though they were only miscoded through the fault of Delta.

19.    Delta also used the Managed time off that Plaintiff used in September 2017 that was offered by Delta during Hurricane Irma against Plaintiff.

20.     The probation caused significant stress and anxiety for Plaintiff as he feared for his job since his legitimate FMLA approved absences were regularly being questioned by management.

21.     Due to HIV complications, Plaintiff took a leave of absence on short term disability from in or around March 2018 until the beginning of July 2018.

22.     While out on disability, Plaintiff continued to be harassed by his managers through phone calls and texts questioning him about his absence and when he would return to work.

23.     On or around July 29, 2018, shortly after returning to work after his leave of absence, Plaintiff was called to a meeting where he was questioned by his supervisors about the sick day used one year prior, on or around August 26, 2017 and one FMLA call used on or around June 24, 2017. Both of the calls were used legitimately and both were due to complications with his HIV. In the meeting, the supervisors made false accusations about the Plaintiff not being sick on the two days in question without proof or reason to believe so.

24.     On or around September 27, 2018 the Plaintiff received a letter of termination from Delta that listed the meeting on July 29, 2018 as reason for termination.

25.     Upon information and belief, the discrimination against Plaintiff as an HIV positive individual is part of a pattern and practice by Delta of

discriminating against employees with HIV/AIDS related disabilities. Delta has maintained a custom, policy or practice of routinely and regularly discriminating against, terminating, harassing and failing to provide reasonable accommodation to employees suffering from HIV/AIDS.

26. Plaintiff has exhausted said remedies after filing with the EEOC and other state agencies and has obtained a right to sue. This action is filed within 90 days of the issuance of Plaintiff's right to sue letter from the EEOC.

## COUNT I
## INTERFENCE WITH FMLA RIGHTS

27. The above paragraphs are incorporated herein by reference.

28. Delta was Plaintiff's "employer" as defined by the FMLA.

29. Plaintiff was an eligible employee under the FMLA

30. Defendants interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq.

## COUNT II
## RETALIATION IN VIOLATION OF FMLA

31. The above paragraphs are incorporated herein by reference.

32. Delta unlawfully retaliated against Plaintiff in violation of the FMLA.

33. Delta conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. §2615(a).

34.     Delta acted purposely and with malice with the intent to injure Plaintiff.

35.     As a direct and proximate result of Delta's actions and unlawful retaliation against Plaintiff, Plaintiff has suffered mental and emotional damages. Plaintiff's employment was constructively terminated and Plaintiff has incurred, and will continue to incur, substantial economic damages.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36.     The above paragraphs are incorporated herein by reference.

37.     Defendant's actions were designed to emotionally harm Plaintiff by causing him to subsist in an overwhelming, intimidating and hostile work environment.

38.     Delta's conduct was intentional, oppressive, malicious and/or in wanton disregard of the rights and feelings of Plaintiff and constitutes despicable conduct, and by reason thereof Plaintiff demands exemplary or punitive damages against Delta in an amount appropriate to punish Delta and to deter Delta and others from such conduct in the future.

## COUNT IV
## VIOLATION OF TITLE VII

39.     The above paragraphs are hereby incorporated herein by reference.

40.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

41.     Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

42.     As a direct and proximate result of Defendant violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

43.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT V
## ADA RETALIATION

44.      The foregoing paragraphs are incorporated herein by reference.

45.     In addition, and/or in the alternative, the foregoing adverse employment actions taken against Plaintiff constituted retaliation for Plaintiff's lawful requests and exercise of rights under the ADA.

## COUNT VI
## HOSTILE WORK ENVIRONMENT

46.     The above paragraphs are incorporated herein by reference.

47.     The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment.

## COUNT VII
## VIOLATION OF MICHIGAN'S PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

48.     The above paragraphs are incorporated herein by reference.

49.     The above acts and practices of Delta constitute unlawful discriminatory employment practices under Michigan's Persons with Disabilities Civil Rights Act.

50.     As a result of Delta's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in favor of Plaintiff against Delta, and Order the following relief:

a.     A declaratory judgement declaring that Delta has illegally discriminated against Plaintiff;

b.     Declare the acts and practices complained of herein are in violation of the ADA 42 U.S.C. Section 12101 et. seq., FMLA and MI State Human Rights Law;

c.      Enjoin and permanently restrain the aforesaid violations;

d.      Require Delta to pay all earnings Plaintiff would have received, but for the discriminatory practices, including but not limited to, front and back pay and otherwise lost and future benefits;

e.      Payment of compensatory and punitive damages, to all Plaintiffs in an amount to be determined at trial; and,

f.      An award of Plaintiff's attorneys' fees and costs of suit as provided by the FMLA and ADA, and MI State Human Rights Law.

g.      Such other relief as this Honorable Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

LAW OFFICES OF ROBERT J. MORAD PLLC.

By/s/Robert J. Morad_____
By: Robert J. Morad (P56475)
Attorney for Plaintiff
355 S. Old Woodward Ave, Suite 100
Birmingham, MI 48009
248.646.2920
248.646.8747
robert@rjmoradlaw.com


MILDENBERG LAW FIRM
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.
Suite 3750
Philadelphia, PA 19103

215-545-4870
-Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com
Attorney for Plaintiffs
(*pro hac vice* pending)

WEISBERG LAW
Matthew B. Weisberg, Esq.
PA Attorney ID No. 85570
7 South Morton Ave
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiffs
(*pro hac vice* pending)

Dated: December 5, 2018